[Civ. No. 3511. Second Appellate District, Division Two.—February 11, 1922.]

## W. W. PFAHLER et al., Respondents, v. F. W. WORCESTER et al., Appellants.

[1] FRAUDULENT CONVEYANCES—TRANSFER IN VIOLATION OF SECTION 3440, CIVIL CODE—EVIDENCE.—In this action to set aside a transfer of certain personal property alleged to have been in fraud of creditors, the plaintiff having shown that the debtor was in possession of the property in question at the time of the transfer and was conducting his business by means of it, that there was no change of possession, the defendant creditor to whom the property was transferred having immediately employed the debtor as manager of the business, no notice of that fact, however, being conveyed to the outside world, and that the debtor continued to conduct the business to all appearances as he had conducted it before the transfer, a fraudulent transfer, under section 3440 of the Civil Code, was made out.

[2] ID.—INSOLVENCY OF DEBTOR — PLEADING AND PROOF.—Where the complaint in such action alleges a cause of action under section 3440 of the Civil Code, as well as under section 3442 of that code, it is not necessary that the plaintiff either plead or prove that the debtor was insolvent at the time of the transfer claimed to be fraudulent, in order to make out a case under the former section.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. Lee Bagby for Appellants.

Gordon Gray and James D. LaMotte for Respondents.

WORKS, J.—Plaintiffs, who were judgment creditors of defendant Worcester, brought this suit against him and his codefendants to set aside a transfer of certain personal property which Worcester had made to defendant Bower. The latter was at the time of the transfer a creditor of Worcester and the transfer was attempted to be made in satisfaction of the debt, Bower acknowledging its payment at the time. Upon the date of the transfer Bower was an

officer of defendant bank, that corporation being also a creditor of Worcester, although the conveyance seems to have been made in satisfaction of Bower's claim alone. The complaint is based upon Civil Code, sections 3439, 3440, and 3442, concerning transfers of property in fraud of creditors. Judgment went for plaintiffs and defendants appeal.

[1] Appellant insists that Worcester had the right to prefer Bower as a creditor and to indicate the preference by the transfer which was made to him. This contention is in the very face of one of the sections upon which the action is based (sec. 3440). That section reads, in part, as emphasized by the use of italics: "Every transfer of personal property, other than [certain kinds which do not concern us here] *is conclusively presumed* if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things transferred, *to be fraudulent,* and therefore void, against those who are his creditors while he remains in possession . . . '' Worcester was in possession of the property in question here at the time of the transfer to Bower and was conducting his business by means of it. There was no change of possession, for Bower immediately employed Worcester as manager of the business, no notice of that fact, however, being conveyed to the outside world, and Worcester continued to conduct the business to all appearances as he had conducted it before the transfer. Worcester continued in possession of the property and continued to operate the business in his customary manner until about four months after the transfer, when he disappeared. He has never since been heard from. During the entire time from the date of the transfer to the day upon which Worcester fled respondents were his creditors, and a week before the latter event their claim against him had ripened into judgment. Respondents therefore made a perfect case under the portion of the section which we have quoted.

[2] Appellants make the claim that a finding of the trial court that Worcester was insolvent at the time of the transfer is not supported by the evidence, but it is plain that insolvency need neither be alleged nor proved under the provisions of the part of section 3440 which we have above

set forth. We have, however, examined the record and conclude that the finding of insolvency is amply supported by it. Appellants make this point, as well as others mentioned in their brief, upon the assumption that respondents must have made out a case under Civil Code, section 3442, and certain other sections mentioned in it, but section 3442, by express exception, has no application to the portion of section 3440 which we have quoted above. The complaint, it is true, alleges a cause of action under section 3442 as well as under the part of section 3440 to which we have referred. As a case was made out under the cause of action last mentioned it is immaterial whether one was proven under section 3442.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.